UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                              |   |                         |
|----------------------------------------------|---|-------------------------|
| DEBORAH GIDEON, f/k/a DEBORAH SHANINGA       | ) |                         |
|   Plaintiff,                                 | ) |                         |
| v.                                           | ) | Civil No. 19-12094-LTS |
| WELLS FARGO BANK, N.A., et al.               | ) |                         |
|   Defendants.                                | ) |                         |

ORDER ON MOTIONS TO DISMISS (DOC. NOS. 14, 37, 40)

March 23, 2020

SOROKIN, J.

Plaintiff Deborah Gideon's brings this counselled Complaint, Doc. No. 1-1 at 10-20, alleging that she purchased a home located at 19 Milstone Road Boston, MA 02136 on March 25, 2005, id. ¶ 9, obtaining a sub-prime mortgage from Fremont Investment & Loan ("Fremont"), id. ¶ 13, which Gideon alleges later went into bankruptcy, id. ¶ 12. Gideon further alleges that: her loan balance is higher than at commencement of the loan, id. ¶ 22; the interest rate is higher than warranted, id. ¶ 24; there are unaccounted payments, id.; and, there are unavailable files, id. ¶ 18, despite demands from lenders or services (unidentified) who are seeking foreclosure or pre-foreclosure despite payment, id. ¶ 24.

The Complaint then proceeds to advance five claims. Count I seeks an accounting of all monies received by any defendant, id. ¶ 27, and references "suspect" billings by Carrington, Fremont, and Wells Fargo, id. ¶¶ 28-33. Count II seeks a declaration that the defendants defrauded and victimized her, committed various billing irregularities, and induced Gideon to

sign a loan with inflated terms. Id. ¶ 36. Count III seeks a reformation of the notes and mortgage and alleges that Fremont failed to disclose terms of the mortgage and note. Id. ¶¶ 37, 41. Count IV seeks specific performance of a settlement agreement entered into by the Massachusetts Attorney General and Fremont on behalf of many borrowers, including Gideon. Id. ¶¶ 44-46. Count V, seeking rescission and reformation, is alleged only against a defendant named Herman Owoussou. Id. ¶¶ 49-50. Count VI seeks a preliminary injunction. Id. ¶¶ 51-53.[1]

The Complaint additionally names Wells Fargo, Wilshire Credit Corporation, Carrington, and Trustee for Carrington Mortgage Loan Trust as defendants, as well as XYZ Unknown 1-100. Id. at 1. The defendants have moved to dismiss the Complaint. Doc. Nos. 14, 37, 40. Gideon, represented by counsel throughout these proceedings, opposes. Doc. Nos. 35, 42. The Court ALLOWS defendants' motions (Doc. Nos. 14, 37, 40) and DISMISSES the Complaint for each of the following reasons.

---

[1] At the outset, the Court notes that a declaratory judgment (sought in Count II), rescission and reformation (sought in Count III and V), specific performance (sought in Count IV), and a preliminary injunction (sought in Count VI) are not stand-alone causes of action but remedies a litigant may seek in a prayer for relief. See, e.g., Diviacchi v. Affinion Grp., Inc., No. CIV.A. 14-10283-IT, 2015 WL 3631605, at *18 (D. Mass. Mar. 11, 2015), report and recommendation adopted, No. 14-CV-10283-IT, 2015 WL 3633522 (D. Mass. June 4, 2015) (noting that "rescission and reformation are remedies, not causes of action.") (applying Massachusetts law); Buck v. Am. Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007) (explaining that the Declaratory Judgment Act "creates a remedy, not a cause of action"); Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 353 n.3 (1st Cir. 2013) (holding that "injunctive relief is not a stand-alone cause of action in Massachusetts"); 58 Swansea Mall Drive, LLC v. Gator Swansea Prop., LLC, No. CV 15-13538-RGS, 2016 WL 3102006, at *3 n.11 (D. Mass. June 2, 2016) (noting that "specific performance is a remedy, not a freestanding cause of action").

First, the Complaint fails to comply Federal Rule of Civil Procedure 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint is so devoid of factual detail that the Court cannot discern the contours or factual basis for Gideon's various claims. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that "the pleading standard Rule 8 announces does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). For example, the only factual allegation about Wilshire Credit Corporation is that, in 2005, "Gideon commenced mortgage payments to Wilshire Credit Corporation." Doc. No. 1-1 ¶ 11. This is not the first time Gideon has encountered this problem. See Deborah Gideon v. Carrington Mortgage Services, No. 1:18-10062-RGS, Doc. No. 21 (D. Mass. Jan. 31, 2018) (holding that Gideon's Amended Complaint failed to comply with Rule 8's strictures because "the court [was] unable to discern from plaintiff's Amended Complaint—a listing of documents and cryptic and fragmentary conclusions—the factual or legal basis for any cognizable claim.").

Second, insofar as Count II, or any other part of the Complaint, advances a claim of fraud, the pleading must satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 123 (1st Cir. 2013) (holding that allegations of fraud must "set forth with particularity the 'who, what, when, where, and how' of the alleged fraud" in order to comply with Rule 9(b) (quoting United States ex. rel Walsh v. Eastman Kodak Co., 98 F.Supp.2d 141, 147 (D. Mass. 2000)). None of the prerequisites necessary to satisfy Rule 9(b) are alleged in Gideon's Complaint.

Third, insofar as the Complaint alleges that a predatory loan was extended in 2005, or that various forms of wrongful billing or related misconduct occurred, all of those allegations concern actions well outside of any applicable period of limitations under Massachusetts law. See, e.g., Passatempo v. McMenimen, 293, 960 N.E.2d 275, 288 (Mass. 2012) (holding that claims that "sound in tort [] are governed by the three-year limitation period provided by Mass. Gen. L. c. 260, § 2A"); Power Control Devices, Inc. v. Orchid Techs. Eng'g & Consulting, Inc., 968 F. Supp. 2d 435, 441 n.3 (D. Mass. 2013) ("Actions of contract . . . shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues." (quoting Mass. Gen. L. c. 260 § 2)); Micromuse, Inc. v. Micromuse, PLC, 304 F. Supp. 2d 202, 209 (D. Mass. 2004) ("Massachusetts imposes a six-year statute of limitations on claims of breach of contract and breach of the implied duty of good faith and fair dealing. A six-year statute of limitations also applies to unjust enrichment claims based on the same underlying facts." (internal citations omitted)). And, nothing in the Complaint, including the assertions regarding the alleged predatory terms of the 2005 loan, support invocation of "the discovery rule" delaying the commencement of the limitations period. See McGillen v. JP Morgan Chase Bank, N.A., No. CV 19-11917-LTS, 2020 WL 519997, at *4 (D. Mass. Jan. 31, 2020) (explaining that under Massachusetts law, "the statute of limitations starts when the plaintiff discovers, or reasonably should have discovered, that he has been harmed or may have been harmed by the defendant's conduct." (quoting Passatempo, 960 N.E.2d at 288-89)).

Fourth, Gideon previously sued both Carrington and Wilshire in another session of this Court. Judge Stearns dismissed that action for failure to state a claim. Gideon, No. 1:18-10062-RGS, Doc. No. 22 (D. Mass. March 16, 2018) (Order of Dismissal). "The doctrine of res judicata bars a suit on a cause of action which has been judicially determined on the merits in a

4

prior suit involving the same parties or persons in privity with them." Papadopoulos v. US Gov't, No. 19-11331-PBS, 2019 WL 3253229, at *2 (D. Mass. 2019). Res judicata, or claim preclusion, applies when three preconditions are present: "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits." Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991). "Under federal law, dismissals under Rule 12(b)(6) that dispose of an entire complaint are considered final judgments on the merits for the purposes of claim preclusion." Desmond Demontegnac v. Selene Fin. LP, No. CV 18-12560-NMG, 2019 WL 3546885, at *11 (D. Mass. Apr. 16, 2019) (internal quotation marks and alterations omitted). Gideon's previous action before Judge Stearns was dismissed for failure to state a claim, see Gideon, No. 1:18-10062-RGS, Doc. No. 21 (D. Mass. March 16, 2018), and all of the defendants were either parties to the previous action or in privity with those parties, see Doc. No. 15 at 14-15.[2] Moreover, all of Gideon's claims were or could have been brought in her prior suit. Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005) ("Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." (internal quotation marks and citations omitted)). Accordingly, claim preclusion bars the entire Complaint.[3]

---

[2] While Defendant Owoussou was not in privity, he is no longer a defendant in this action as Judge Stearns dismissed him in the course of denying the motion to remand due to fraudulent joinder. Doc. No. 22.

[3] No party has contended that Massachusetts claim preclusion law governs here, that Massachusetts law would treat Judge Stearns' dismissal under Federal Rule of Civil Procedure 12(b)(6) differently than would a federal court, or that Massachusetts claim preclusion law differs from federal claim preclusion law in any way. See Salvati v. Fireman's Fund Ins. Co., 368 F. Supp. 3d 85, 90 (D. Mass. 2019) (noting that "both Massachusetts law and federal common law apply the same analytical factors in deciding claim preclusion questions" and applying federal claim preclusion law where the prior suit at issue concerned state law claims,

Fifth, Gideon's Complaint, even liberally construed, fails to state claims for relief. For example, Count I, which seeks "an accounting of all monies received by any defendant," Doc. No. 1-1 ¶ 27, provides no factual basis for its allegation of "suspect billings," id. ¶ 28. See Pearson v. Bank of New York Mellon, No. CIV.A. 14-12359-TSH, 2014 WL 3849969, at *3 (D. Mass. Aug. 4, 2014) (dismissing claim where plaintiff "simply demand[ed] an accounting of the loan without alleging any elements of such a claim, including that a fiduciary relationship exists between the parties"). Similarly, the generalized and conclusory allegations in Count III do not sufficiently plead fraud or any other proper basis for reforming Gideon's mortgage loan. Cf. Beaton v. Land Court, 326 N.E.2d 302, 307 (Mass. 1975) (holding that "a court acting under general principles of equity jurisprudence has broad power to reform, rescind, or cancel written instruments, including mortgages, on grounds such as fraud, mistake, accident, or illegality."). Similarly, Count IV fails to state a claim because Gideon has failed to plead or describe, "with substantial certainty, the specific contractual promise the defendant failed to keep." Brooks v. AIG SunAmerica Life Assur. Co., 480 F.3d 579, 586 (1st Cir. 2007) (applying Massachusetts contract law). And, as previously noted, see supra note 1, Counts II and VI are entirely derivative and do not state freestanding claims for relief.

Finally, Gideon claims that defendants have breached a consent decree entered into between Fremont and the Massachusetts Attorney General on behalf of certain borrowers. Doc. No. 1-1 ¶¶ 44-46. Gideon alleges that she is one of those borrowers. Id. Insofar as Gideon is aggrieved by the Massachusetts Attorney General, that is a matter outside the scope of this Complaint. Insofar as she seeks specific performance of the consent decree, "nothing in the

---

had been removed to federal court, and was subsequently dismissed under Federal Rule of Civil Procedure 12(b)(6)) (quoting Herman v. Meiselman, 541 F.3d 59, 62 n.6 (1st Cir. 2008)).

consent agreement [between Freemont and the Massachusetts Attorney General] appears to create a private right of action on which [Gideon] or similarly situated plaintiffs could challenge compliance with its terms." Woods, 733 F.3d at 357.

Accordingly, the motions to dismiss (Doc. Nos. 14, 37, 40) are ALLOWED. Judgment shall enter dismissing this case with each side to bear its own fees and costs.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge